IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID LIBRACE**                                                          **PLAINTIFF**

v.                      Case No. 4:21-cv-01198-KGB

**JAMES MOODY, United States District**                **DEFENDANTS**
**Court Judge and BILLY ROY WILSON,**
**United States District Judge**

**ORDER**

Before the Court is plaintiff David Librace's *pro se* motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 1). For the following reasons, the Court grants Mr. Librace's motion to proceed IFP and dismisses with prejudice Mr. Librace's complaint, as the named defendants—two federal judges—are absolutely immune from suit or damages arising out of their actions taken while performing their judicial functions (Dkt. Nos. 1–2). *See generally Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

      **I.**       **IFP Application**

Though Mr. Librace is not an incarcerated person, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs any motion to proceed IFP. The Eighth Circuit Court of Appeals has held that the decision to grant or deny IFP status is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, she must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). Based on Mr. Librace's IFP application, he has neither the funds nor the income to pay the filing fee (Dkt. No. 1). Therefore, the Court grants his

motion to proceed IFP and permits Mr. Librace to proceed without prepayment of the filing fee (*Id.*).

## II. Screening Mr. Librace's Complaint

After granting a request to proceed IFP, the PLRA requires the Court to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants—prisoners, and non-prisoners alike); *see also Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court performs its screening function by examining Mr. Librace's complaint and notice of case status (Dkt. Nos. 2; 4), construing together these two entries as Mr. Librace's operative complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* litigants are owed liberal construction of the documents they file); *but see Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (explaining that *pro se* litigants must comply with substantive and procedural law).

### A. Mr. Librace's Claims

Mr. Librace brings this action against United States District Court Judge James M. Moody Jr. ("Judge Moody") and United States District Court Judge Billy Roy Wilson ("Judge Wilson") in their official capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking redress for the dismissal of his previously filed lawsuits without a hearing, presentation of evidence, or response from the parties sued (Dkt. No. 2, at 3–

2

4).  As a result of these dismissals, Mr. Librace claims that he "continues to be harrassed [*sic*] [and] slandered" (Dkt. No. 4, at 1).  He claims that he has suffered emotional distress and financial loss (Dkt. No. 2, at 6).  He seeks for this Court to "review these cases and have the matter heard before the Court." (*Id.*).

The Court makes its determination regarding Mr. Librace's claims by looking specifically at his allegations in § II. found at pages three and four of Mr. Librace's complaint (Dkt. No. 2, at 3–4).  Mr. Librace's complaint is a *Pro Se* 15 Form titled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" (*Id.*, at 1).  In § II.A. of his complaint, Mr. Librace marked the box indicating that he is pursuing this action pursuant to *Bivens*, 403 U.S. at 388 (*Id.*, at 3).  However, in § II.B., which only applies to actions brought under 42 U.S.C. § 1983, Mr. Librace lists the Fifth and Seventh Amendments as the bases for his claims (*Id.*, at 3).  Then, in § II.C., the section reserved for *Bivens* claims, Mr. Librace explains that he brings this case for the dismissal of his previous lawsuits without a hearing, presentation of evidence, or response from the parties sued (*Id.*, at 4).  For these reasons, the Court liberally construes Mr. Librace's complaint as alleging that Judge Moody and Judge Wilson deprived him of his Fifth and Seventh Amendment Rights by dismissing some of his previous lawsuits at the early stages of litigation.  *See generally Erickson*, 551 U.S. at 94.

Mr. Librace does not list the judicial proceedings to which he refers in his complaint.  The Court found through a search the following lawsuits brought by Mr. Librace and presided over by Judge Moody and Judge Wilson:  *Librace v. Nesmith et al.*, Case No. 2:19-cv-00085-BRW; *Librace v. Thurston et al.*, Case No. 2:18-cv-00164-JM; *Librace v. Sachar et al.*, Case No. 2:19-cv-00032-JM; *Librace et al. v. Smith et al.*, Case No. 2:19-cv-00041-BRW; *Librace v. Florida Department of Law Enforcement et al.*, Case No. 2:18-cv-00079-JM; *Librace v. King*, Case No.

2:18-cv-00066-BRW; *Librace v. Wright et al.*, Case No. 2:16-cv-00074-JM; *Librace v. Equifax Information Services LLC*, Case No. 4:14-cv-00269-BRW; *Librace v. Martin*, Case No. 4:14-cv-00270-JM; and *Librace v. Martin*, Case No. 4:14-cv-00268-JM. Having reviewed the docket sheets of the above cases in conjunction with Mr. Librace's complaint and notice of case status filed in the current action (Dkt. Nos. 2; 4), the Court construes his complaint to be based upon Judge Moody and Judge Wilson's dismissal of cases Mr. Librace previously filed, including the following cases: *Sachar*, Case No. 2:19-cv-00032-JM; *Smith,* Case No. 2:19-cv-00041-BRW; *Florida Law Enforcement*, Case No. 2:18-cv-00079-JM; and *King*, Case No. 2:18-cv-00066-BRW. At least in these specific cases, and perhaps in others, Judge Moody or Judge Wilson dismissed Mr. Librace's complaints for failure to state a claim before any of the defendants filed answers or other dispositive motions.

The Court understands that Mr. Librace seeks his day in court and believes that "different outcomes would have occurred" in previous cases (Dkt. Nos. 2, at 4–5; 4, at 2). However, Mr. Librace like every other *pro se* or represented litigant is required to comply with both substantive and procedural law before his case may proceed to trial. *See generally Brown*, 806 F.2d at 804.

        **B.**      **Absolute Judicial Immunity**

The Court dismisses with prejudice this lawsuit because Mr. Librace sues two federal district court judges for judicial functions they performed and actions they took while presiding over cases Mr. Librace previously filed. Mr. Librace's current action is barred under the doctrine of absolute judicial immunity (Dkt. No. 2).

The doctrine of absolute judicial immunity "protect[s] judges from lawsuits" and extends to both federal judges sued pursuant to *Bivens* and state judges in actions brought pursuant to 42 U.S.C. § 1983. *Butz v. Economou*, 438 U.S. 478, 500–01, 08 (1978); *see also Bradley v. Fisher*,

13 Wall. 335 (1872) (discussing absolute judicial immunity); *Robinson*, 15 F.3d at 108 (explaining that "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability."). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993).  Furthermore, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley*, 80 U.S. at 336).

Mr. Librace sues Judge Moody and Judge Wilson for their official judicial acts and has made no showing that either judge dismissed Mr. Librace's prior lawsuits "in the clear absence of all jurisdiction." *Stump* 435 U.S. at 356–57.  For these reasons, the Court finds that Judge Moody and Judge Wilson are entitled to absolute judicial immunity from this suit and dismisses with prejudice this case.

### III. Conclusion

For these reasons, the Court dismisses with prejudice Mr. Librace's complaint and certifies that an IFP appeal taken from this Order and the accompanying judgment would not be taken in good faith.

It is so ordered this the 22nd day of December, 2022.

                                              Kristine G. Baker
                                              United States District Judge